**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
EASTERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter   **7**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Whatever Food Company LLC** |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **88-1780398** |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **740 N. Central Expressway** <br> **Richardson, TX 75080** <br> Number, Street, City, State & ZIP Code | **5944 Luther Lane, Suite 403** <br> **Dallas, TX 75225** <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas** <br> County | **Location of principal assets, if different from principal place of business** <br> _____ <br> Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)   _____

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor **Whatever Food Company LLC**_____ Case number (*if known*)_____
     Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__7223__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

■ Chapter 7
☐ Chapter 9
☐ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 2

Debtor **Whatever Food Company LLC** _____ Case number (*if known*) _____
Name

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    ■ No
    ☐ Yes.

    List all cases. If more than 1, attach a separate list

    Debtor _____ Relationship _____
    District _____ When _____ Case number, if known _____

11. **Why is the case filed in *this district*?** *Check all that apply:*
    ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    ■ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)
    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other _____

    **Where is the property?** _____
    Number, Street, City, State & ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

13. **Debtor's estimation of available funds** *Check one:*
    ☐ Funds will be available for distribution to unsecured creditors.
    ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**
    ■ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999
    ☐ 1,000-5,000
    ☐ 5001-10,000
    ☐ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than100,000

15. **Estimated Assets**
    ☐ $0 - $50,000
    ☐ $50,001 - $100,000
    ☐ $100,001 - $500,000
    ☐ $500,001 - $1 million
    ■ $1,000,001 - $10 million
    ☐ $10,000,001 - $50 million
    ☐ $50,000,001 - $100 million
    ☐ $100,000,001 - $500 million
    ☐ $500,000,001 - $1 billion
    ☐ $1,000,000,001 - $10 billion
    ☐ $10,000,000,001 - $50 billion
    ☐ More than $50 billion

16. **Estimated liabilities**
    ☐ $0 - $50,000
    ■ $1,000,001 - $10 million
    ☐ $500,000,001 - $1 billion

Official Form 201                     **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                     page 3

Debtor  **Whatever Food Company LLC**                                                        Case number (*if known*)
    Name

☐ $50,001 - $100,000             ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000            ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million          ☐ $100,000,001 - $500 million     ☐ More than $50 billion

Debtor **Whatever Food Company LLC**                                   Case number (*if known*)
     Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 25, 2024**
             MM / DD / YYYY

X **/s/ Kirk Hermansen, Trustee of 75 Manager Trust, Manager**       **Kirk Hermansen, Trustee of 75 Manager Trust, Manager**
   Signature of authorized representative of debtor                                    Printed name

Title _____

**18. Signature of attorney**

X **/s/ Mark Weisbart**                                             Date **January 25, 2024**
   Signature of attorney for debtor                                                       MM / DD / YYYY

**Mark Weisbart 21102650**
Printed name

**Hayward PLLC**
Firm name

**10501 N. Central Expressway**
**Suite 106**
**Dallas, TX 75231**
Number, Street, City, State & ZIP Code

Contact phone **972-755-7100**   Email address **mweisbart@haywardfirm.com**

**21102650 TX**
Bar number and State

# UNANIMOUS CONSENT OF MEMBERS
## OF
## WHATEVER FOOD COMPANY, LLC

**KIRK M. HERMANSEN, DICK RIVERA, TRUSTEE OF THE RIVERA REVOCABLE TRUST DATED 5/8/19**, and **SLJ WFC, LLC**, a Texas limited liability company (collectively, the "Members") acting pursuant to the Limited Liability Company Agreement (the "Company Agreement") of Whatever Food Company, LLC a Texas limited liability company (the "Company") dated as of March 25, 2022, consent to take the following actions and adopt the following resolutions:

WHEREAS, Hermansen Land Development, Inc., a Texas corporation ("HLDI") is named in and has acted as Manager of the Company pursuant to the Company Agreement;

WHEREAS, HLDI desires to resign as Manager and to be replaced by its affiliate, Kirk Hermansen, Trustee of 75 Manager Trust, a Texas trust; and

WHEREAS, the Members further wish to vote in favor of causing the Company to file for Chapter 7 Bankruptcy protection.

NOW, THEREFORE, BE IT RESOLVED, that HLDI resign as Manager of the Company, effective upon the execution of an Assumption Agreement by the replacement Manager.

FURTHER RESOLVED, that Kirk Hermansen, Trustee of 75 Manager Trust, a Texas trust (the "Replacement Manager"), is elected as replacement Manager, with all of the rights, duties, obligations, and liabilities of the Manager, including any rights to indemnity from the Company provided under the Company Agreement, to serve as such in accordance with the terms and provisions of the Company Agreement.

FURTHER RESOLVED, that the Company shall require the Replacement Manager to execute and deliver to the Company and to each Member an Assumption Agreement in the form attached hereto as Exhibit A pursuant to which the Replacement Manager assumes and agrees to perform and discharge all of the duties the obligations of the Manager under the Company Agreement arising from and after the date of the replacement of the Replacement Manager.

FURTHER RESOLVED, that the Members approve the filing by the Company for Chapter 7 Bankruptcy protection and hereby authorize and direct the Company to engage Mark Weisbart to act as bankruptcy counsel to the Company in connection with such Chapter 7 Bankruptcy filing.

FURTHER RESOLVED, that the Members approve the execution, acknowledgement, delivery, and filing of such documents that the Company's bankruptcy counsel deems to be in the best interest of the Company in connection with such Chapter 7 Bankruptcy filing.

We direct that this consent be filed with the minutes of the proceedings of the Company.

This consent is executed pursuant to Section 6.201 of the Texas Business Organizations Code which authorizes the taking of action by the Members by unanimous written consent without a meeting.

Dated: Effective December 29th, 2023.

_____
KIRK M. HERMANSEN

_/s/ Dick Rivera_____
DICK RIVERA, TRUSTEE OF THE RIVERA REVOCABLE TRUST DATED 5/8/19

SLJ WFC, LLC, a Texas limited liability company

By:   SLJ Realty, Inc., Manager

By: _____
Louis H. Lebowitz, President

EXHIBIT A

## APPOINTMENT OF REPLACEMENT MANAGER
## AND
## ASSUMPTION AGREEMENT

THIS **APPOINTMENT OF REPLACEMENT MANAGER AND ASSUMPTION AGREEMENT** are executed to be effective as of the date shown below by **KIRK M. HERMANSEN, DICK RIVERA, TRUSTEE OF THE RIVERA FAMILY REVOCABLE TRUST DATED 5/8/19,** and **SLJ WFC, LLC**, a Texas limited liability company (collectively, the "Members") and **KIRK HERMANSEN, TRUSTEE OF 75 MANAGER TRUST**, a Texas trust (the "Replacement Manager").

**WHEREAS**, Hermansen Land Development, Inc., a Texas corporation ("HLDI") is named in and has acted as Manager of the Company pursuant to the Limited Liability Company Agreement (the "Company Agreement") of Whatever Food Company, LLC a Texas limited liability company (the "Company") dated as of March 25, 2022; and

**WHEREAS**, HLDI desires to resign as Manager and to be replaced as Manager of the Company by its affiliate, Replacement Manager.

**NOW, THEREFORE**, for valuable consideration, the receipt and sufficiency of which are acknowledged and confessed, the parties agree as follows:

1. <u>Defined Terms</u>. Terms defined in the Company Agreement have the same meanings when used in this document.

2. <u>Resignation of HLDI as Manager</u>. HLDI has resigned as Manager of the Company.

3. <u>Appointment of Replacement Manager</u>. The Replacement Manager is hereby appointed to serve as Manager of the Company, with all of the rights, duties, obligations, and liabilities of the Manager, including any rights to indemnity from the Company provided under the Company Agreement, to serve as such in accordance with the terms and provisions of the Company Agreement.

4. <u>Assumption of the Obligations of Manager</u>. The Replacement Manager hereby assumes and agrees to discharge all of the duties and obligations of the Manager set forth in the Company Agreement in accordance with the terms and provisions of the Company Agreement arising from and after the date hereof.

[SIGNATURES ON THE FOLLOWING PAGE]

**MEMBERS:**

_____
**KIRK M. HERMANSEN**

_____
**DICK RIVERA, TRUSTEE OF THE RIVERAL REVOCABLE TRUST DATED 5/8/19**

**SLJ WFC, LLC**, a Texas limited liability company

By:  SLJ Realty, Inc., Manager

By: _____
   Louis H. Lebowitz, President

**REPLACEMENT MANAGER:**

_____
**KIRK HERMANSEN, TRUSTEE OF 75 MANAGER TRUST**

# APPOINTMENT OF REPLACEMENT MANAGER
# AND
# ASSUMPTION AGREEMENT

THIS **APPOINTMENT OF REPLACEMENT MANAGER AND ASSUMPTION AGREEMENT** are executed to be effective as of the date shown below by **KIRK M. HERMANSEN, DICK RIVERA, TRUSTEE OF THE RIVERA FAMILY REVOCABLE TRUST DATED 5/8/19**, and **SLJ WFC, LLC**, a Texas limited liability company (collectively, the "Members") and **KIRK HERMANSEN, TRUSTEE OF 75 MANAGER TRUST**, a Texas trust (the "Replacement Manager").

**WHEREAS**, Hermansen Land Development, Inc., a Texas corporation ("HLDI") is named in and has acted as Manager of the Company pursuant to the Limited Liability Company Agreement (the "Company Agreement") of Whatever Food Company, LLC a Texas limited liability company (the "Company") dated as of March 25, 2022; and

**WHEREAS**, HLDI desires to resign as Manager and to be replaced as Manager of the Company by its affiliate, Replacement Manager.

**NOW, THEREFORE**, for valuable consideration, the receipt and sufficiency of which are acknowledged and confessed, the parties agree as follows:

1. <u>Defined Terms</u>. Terms defined in the Company Agreement have the same meanings when used in this document.

2. <u>Resignation of HLDI as Manager</u>. HLDI has resigned as Manager of the Company.

3. <u>Appointment of Replacement Manager</u>. The Replacement Manager is hereby appointed to serve as Manager of the Company, with all of the rights, duties, obligations, and liabilities of the Manager, including any rights to indemnity from the Company provided under the Company Agreement, to serve as such in accordance with the terms and provisions of the Company Agreement.

4. <u>Assumption of the Obligations of Manager</u>. The Replacement Manager hereby assumes and agrees to discharge all of the duties and obligations of the Manager set forth in the Company Agreement in accordance with the terms and provisions of the Company Agreement arising from and after the date hereof.

[SIGNATURES ON THE FOLLOWING PAGE]

**MEMBERS:**

_____
**KIRK M. HERMANSEN**

*/s/ Dick Rivera*
_____
**DICK RIVERA, TRUSTEE OF THE RIVERA FAMILY REVOCABLE TRUST DATED 5/8/19**

**SLJ WFC, LLC**, a Texas limited liability company

By: SLJ Realty, Inc., Manager

By: _____
Louis H. Lebowitz, President

**REPLACEMENT MANAGER:**

_____
**KIRK HERMANSEN, TRUSTEE OF 75 MANAGER TRUST**, A Texas trust

Revised 12/1/2009                                                                                          LBR Appendix 1007-b-6

# United States Bankruptcy Court
### Eastern District of Texas

In re   **Whatever Food Company LLC**                                          Case No.
                                             Debtor(s)                          Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

I, the  of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **January 25, 2024**                          **/s/ Kirk Hermansen, Trustee of 75 Manager Trust, Manager**
                                                      **Kirk Hermansen, Trustee of 75 Manager Trust, Manager**/
                                                      Signer/Title

Software Copyright (c) 1996-2022, Best Case, LLC - www.bestcase.com

Aramark
PO Box 731676
Dallas, TX 75313

Bonick Landscaping
910 Maryland Drive
Irving, TX 75061

CEC Facilities Group
1275 Valley View Lane
Irving, TX 75061

Cintas
PO Box 650838
Dallas, TX 75265-0838

Colbie Brazell Campbell
Slates Harwell LLP
1700 Pacific Avenue, Suite 3800
Dallas, TX 75201-4761

Cozzini Brothers
359 Howard Avenue
Des Plaines, IL 60018

Dallas County Tax Office
500 Elm Street
Dallas, TX 75202

DirecTV
P. O. BOX 105503
Atlanta, GA 30348

Flower Baking Company of Denton
132 N. Broad Street
Thomasville, GA 31792

Hotel & Restaurant Supply
PO Box 6
Meridian, MS 39302-0006

I Heart Radio
14001 North Pearl St., Ste. 1900
Dallas, TX 75201

Internal Revenue Service
Special Procedures-Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Joseph Mira
Mira Blanton
8235 Douglas Ave., Ste. 805
Dallas, TX 75225

KA Contractors
2806 Tam Oshanter Ln.
Richardson, TX 75080

Lyonnais LLC
2835 Banderas Lane
Colorado Springs, CO 80917

Matthew B. Fronda
Padfield & Stout LLP
420 Throckmorton St., Ste. 1210
Fort Worth, TX 76102

ML Asset Service Corp.
c/o SLJ WFC LLC
4311 W. Lovers Lane #200
Dallas, TX 75209

MX Construction
6010 West Spring Creek Parkway, Ste. 213
Plano, TX 75024

NuCo
PO Box 9011
Stuart, FL 34995

Richardson RP Development Corp.
c/o SLJ WFC LLC
4311 W. Lovers Lane #200
Dallas, TX 75209

RP Properties
c/o SLJ WFC LLC
4311 W. Lovers Lane, Ste. 200
Dallas, TX 75209

Saville CPA and Advisors
700 North Pearl St., Ste. 1900
Dallas, TX 75201

SRH Commercial LLC
Attn: Samuel Harle
PO Box 217
Mineola, TX 75773

Sysco Corporation
1390 Enclave Parkway
Houston, TX 77077

Texas Comptroller of Public Accounts
Revenue Accounting Division
Bankruptcy Section
P.O. Box 13528
Austin, TX 78711-3528

The Pathfinder
200 W. Chestnut St. #309
Glendale, CA 91204

Valle Electric
2126 113th St.
Grand Prairie, TX 75050